**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DEON ANTHONY ROMELL BAILEY,<br><br>　　　　　Defendant. | No. 15-CR-1017-LRR<br><br>**AMENDED ORDER**<br>(amends and substitutes order filed at docket no. 54) |

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . *2*

*III. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

　　*A.  Confinement for the Instant Offense* . . . . . . . . . . . . . . . . . . . . *3*
　　*B.  November 2014 Shooting* . . . . . . . . . . . . . . . . . . . . . . . *3*
　　*C.  Interview with Law Enforcement* . . . . . . . . . . . . . . . . . *3*
　　*D.  Prior Convictions Under Rule 609* . . . . . . . . . . . . . . . . . . *4*
　　*E.  Proffer Interview* . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
　　*F.  C.I.'s Criminal Record* . . . . . . . . . . . . . . . . . . . . . . *6*
　　*G.  Prior Drug Convictions Under Rule 404(b)* . . . . . . . . . . . . . . *6*
　　　　*1.  Relevance to a material issue* . . . . . . . . . . . . . . . . *7*
　　　　*2.  Similarity of prior convictions to the offenses charged* . . . . *10*
　　　　*3.  Sufficient evidence* . . . . . . . . . . . . . . . . . . . . *10*
　　　　*4.  Probative value versus potential prejudice* . . . . . . . . . . . *10*
　　*H.  Telephone Calls from Jail* . . . . . . . . . . . . . . . . . . . . . . *12*

*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

## *I. INTRODUCTION*

　　The matters before the court are Defendant Deon Anthony Romell Bailey's "Motion in Limine" ("Defense Motion") (docket no. 40) and the government's "Rule 404(b) Notice, Rule 104(a) Motion, and Motion in Limine for Evidentiary Rulings" ("Government Motion") (docket no. 42).

## II. RELEVANT PROCEDURAL HISTORY

On July 16, 2015, the grand jury returned a two-count Indictment (docket no. 2) charging Defendant with two counts of distribution of cocaine base near a playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860. Defendant has pled not guilty and a jury trial is scheduled to commence on November 12, 2015. *See* Amended Trial Scheduling Order (docket no. 52). On October 26, 2015, Defendant filed the Defense Motion. On October 27, 2015, the government filed the Government Motion. On November 2, 2015, the government filed a "Resistance to Defendant's Motion in Limine" ("Government Resistance") (docket no. 49). Defendant did not file a resistance to the Government Motion and the time for doing so has expired. *See* Trial Management Order at 2 (docket no. 11) ("Resistances to [motions in limine] must be served and filed within **7 days** after the filing of the motion.").

## III. ANALYSIS

In the Defense Motion, Defendant requests pretrial rulings excluding the following evidence: (1) Defendant's prior drug convictions; (2) telephone calls between Defendant and his wife made while Defendant was in jail; (3) the fact that Defendant is currently in custody for the instant offense and has been in custody since July 20, 2015; and (4) references to a November 2014 shooting in which Defendant was a suspect but was not ultimately charged.

In the Government Motion, the government requests the following pretrial evidentiary rulings: (1) that calls made by Defendant while he was in jail are admissible; (2) that Defendant's June 9, 2015 interview with a law enforcement officer is admissible; (3) that two of Defendant's prior drug convictions are admissible under Rule 404(b); (4) that four of Defendant's prior convictions are admissible under Rule 609; (5) that Defendant's proffer interview is admissible for a variety of purposes; and (6) that the

confidential informant's ("C.I.") prior juvenile adjudications and misdemeanor deferred judgment are inadmissible. The court will address each issue in turn.

### A. Confinement for the Instant Offense

Defendant argues that the court should exclude evidence that Defendant has been in custody for the instant offense since his arrest on July 20, 2015. Defense Motion at 6. The government states that it does not plan to introduce evidence of Defendant's confinement for the current federal charges. Government Resistance at 1. Accordingly, the court shall grant the Defense Motion to the extent it seeks to exclude evidence of Defendant's confinement for the instant offense.[1]

### B. November 2014 Shooting

Defendant argues that the court should exclude evidence relating to a November 2014 shooting in Dubuque, Iowa, in which Defendant was a suspect but was not charged. Defense Motion at 6. The government states that it does not plan to introduce evidence regarding the November 2014 shooting. Government Resistance at 2. Accordingly, the court shall grant the Defense Motion to the extent it seeks to exclude evidence of the November 2014 shooting.

### C. Interview with Law Enforcement

The government argues that the court should find admissible evidence of Defendant's interview with a law enforcement officer on June 9, 2015. Government

---

[1] While the government does not intend to introduce evidence of Defendant's confinement on the current federal charges, it does plan to introduce evidence that Defendant was in custody on state charges in June of 2015. Government Resistance at 1. The government maintains that the June 2015 period of confinement is relevant as foundation for its intended admission of telephone calls that Defendant made from jail during that time. *See id*. The government's use of such evidence, therefore, is contingent on the court's ruling on the admissibility of the telephone calls, which will be discussed below.

Motion at 1. Defendant does not resist the issue, and nothing in the Defense Motion is directly inconsistent with the government's argument. Accordingly, the court shall grant the Government Motion with respect to evidence of Defendant's June 9, 2015 interview with a law enforcement officer.

### D. Prior Convictions Under Rule 609

The government argues that, if Defendant chooses to testify, the court should find admissible four of Defendant's prior convictions to impeach Defendant under Federal Rule of Evidence 609. Government Motion at 2. Defendant does not resist the admission of the four prior convictions under Rule 609.

One prior conviction is a 2005 felony conviction for obstructing justice. *See* Government Motion at 2. Defendant was convicted on June 28, 2005—more than ten years ago—but it is less clear whether "more than ten years have passed since [Defendant's] . . . release from confinement for" the conviction. *See* Fed. R. Evid. 609(b); *see also* Government's Brief at 10 n.2 (stating that Defendant's sentence imposed on June 28, 2005 was "stayed until December 8, 2005" without reference to whether the sentence was eventually executed and, if so, on what date Defendant was released from confinement). Whether the conviction is greater than or less than ten years old, the court finds that its probative value does not outweigh its prejudicial effect to Defendant. *See* Fed. R. Evid. 609(a)(1)(B). Regardless of the precise time calculation, the conviction is far attenuated in time from the instant offense, which significantly reduces its probative value while increasing its danger of unfair prejudice. Accordingly, the court denies the Government Motion with respect to evidence of Defendant's 2005 felony conviction. The obstruction of justice conviction will not be admitted.

Two other convictions that the government seeks to admit for impeachment appear to be aggravated misdemeanors for harassment and neglect. *See* Government Motion at 2 (listing the convictions with an "AGCR" designation in their case numbers). Rule 609

4

distinguishes between convictions "punishable by death or by imprisonment for more than one year" and all other convictions. Fed. R. Evid. 609(a)(1), (a)(2). This is generally a distinction between felonies and misdemeanors. Fed. R. Evid. 609 advisory committee's note to subdivision (a) of the 1972 proposed rules ("[C]rimes are divided into two categories by the rule: (1) those of what is generally regarded as felony grade, without particular regard to the nature of the offense, and (2) those involving dishonesty or false statement, without regard to the grade of the offense."). However, in Iowa, where Defendant's prior aggravated misdemeanor convictions occurred, such aggravated misdemeanors are punishable by "imprisonment not to exceed two years." Iowa Code § 903.1(2). Therefore Defendant's convictions for neglect and harassment—although aggravated misdemeanors—were "punishable by . . . imprisonment for more than one year" and are, accordingly, admissible under Rule 609(a) subject to a weighing of the probative value and prejudicial effect of the evidence. *See* Fed. R. Evid. 609(a)(1)(B). The court finds these convictions more probative than prejudicial because they are probative to Defendant's credibility and their prejudicial impact will be mitigated by a limiting jury instruction. Accordingly, the court grants the Government Motion with respect to evidence of Defendant's aggravated misdemeanor convictions. Defendant's aggravated misdemeanor convictions will be admitted upon proper foundation.

The last remaining prior conviction that the government seeks to introduce as impeachment is a 2008 felony conviction for conspiracy to deliver cocaine. This conviction is three years more recent than the previously discussed felony, and as a result, has less of a distorting influence on the probative nature and the prejudicial impact of the evidence. Therefore, the court finds that the probative value of the 2008 conviction outweighs its prejudicial effect to Defendant. *See United States v. Collier*, 527 F.3d 695, 700 (8th Cir. 2008) (reflecting the prevailing view that prior felonies "are highly probative of credibility"). Accordingly, the court grants the Government Motion with respect to

evidence of Defendant's 2008 felony conviction. Defendant's 2008 conviction for conspiracy to deliver cocaine will be admitted upon proper foundation.

### E. Proffer Interview

The government argues that the court should find Defendant's proffer interview admissible for a variety of purposes. *See* Government Motion at 2; "Memorandum in Support of the Government Motion" ("Government Brief") (docket no. 42-1) at 11. Defendant does not resist the issue, and nothing in the Defense Motion is directly inconsistent with the government's argument. Accordingly, the court grants the Government Motion with respect to evidence of Defendant's proffer interview. Defendant's proffer interview will be admitted upon proper foundation.

### F. C.I.'s Criminal Record

The government argues that the court should exclude evidence relating to the C.I.'s juvenile adjudications and misdemeanor deferred judgment. Government Motion at 2. Defendant does not resist the issue, and nothing in the Defense Motion is directly inconsistent with the government's argument. Accordingly, the court shall grant the Government Motion to the extent that it seeks to exclude evidence of the C.I.'s juvenile adjudications and misdemeanor deferred judgment. The C.I.'s juvenile adjudication and misdemeanor deferred judgment will not be admitted.

### G. Prior Drug Convictions Under Rule 404(b)

Pursuant to Federal Rule of Evidence 404(b), the government argues that the court should find admissible evidence of Defendant's 2008 state conviction for conspiracy to deliver cocaine and his 2008 state conviction for possession of cocaine. Government Motion at 1-2. The government argues that such convictions are admissible to prove Defendant's state of mind (knowledge and intent), identity and opportunity. Government Brief at 6-7. Defendant contends that the prior convictions are not admissible under Rule 404(b) because Defendant has not adopted a "general denial" defense—which would

6

implicate state of mind—but instead bases his defense on identity. Defense Motion at 2-3. Further, although prior convictions are admissible under Rule 404(b) to prove identity, Defendant argues that the government has not stated a sufficient explanation to allow for such admission. *See id.* (citing *United States v. Eggleston*, 165 F.3d 624 (8th Cir. 1999)).

Evidence of prior convictions is inadmissible to show that a defendant has a propensity for criminal conduct. *See* Fed. R. Evid. 404(b)(1). Despite this general prohibition, prior convictions are admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) is a rule of inclusion that prohibits the admission of evidence only when it is offered solely to prove a defendant's criminal propensity." *United States v. Molina*, 172 F.3d 1048, 1054 (8th Cir. 1999). For evidence of prior convictions to be admissible under Rule 404(b), it must be "(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Turner*, 781 F.3d 374, 389 (8th Cir. 2015) (quoting *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009)). The court will address each factor in turn.

### 1. *Relevance to a material issue*

Regarding a prior conviction's relevance to a material issue:

> [T]he district court should ask why the government seeks to admit it. . . . If the only answer . . . is that [the] prior conviction (i.e., wrongdoing) shows [the defendant] intended to commit another wrongdoing . . . then the evidence shows nothing more than criminal propensity and under Rule 404(b)(1) is inadmissible.

*Turner*, 781 F.3d at 390-91. A bare assertion that a prior conviction is relevant to a material issue is insufficient—even where intent and knowledge are elements of the charged offense. *See id.* at 390 ("Simply asserting—without explanation—that the conviction is

relevant to a material issue such as intent or knowledge is not enough to establish its admissibility under the Federal Rules.").

As both parties recognize, where a defendant relies on a "general denial" defense, he effectively places all elements of the offense at issue—including knowledge and intent—and prior similar convictions are, therefore, admissible under Rule 404(b). *See, e.g.*, *United States v. Robinson*, 639 F.3d 489, 494 (8th Cir. 2011); *United States v. Gaddy*, 532 F.3d 783, 789-90 (8th Cir. 2008); *United States v. Jackson*, 278 F.3d 769, 771 (8th Cir. 2002). It is undisputed that Defendant does not rely on a "general denial" defense, however, but instead defends based on identity. Defendant argues that such a defense forecloses intent and knowledge from being at issue. *See* Defense Motion at 2 ("The issue in the instant case is identity—not intent or knowledge."). The government claims that Defendant's state of mind is at issue despite the fact that he relies on an identity defense. Government Brief at 6. To support its claim, the government points to precedent "that prior convictions for 'distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs.'" *Id.* at 6-7 (quoting *Robinson*, 639 F.3d at 494 (stating that the matter is "settled in this circuit")). The Eighth Circuit has found these prior convictions relevant "even if the defendant has not raised a defense based on lack of knowledge or lack of intent." *United States v. Logan*, 121 F.3d 1172, 1178 (8th Cir. 1997).

Nevertheless, Defendant argues that the government has not articulated "a permissible reason" for admitting the prior convictions. Defense Motion at 2. The court disagrees. The government seeks to admit the prior convictions for intent, knowledge, identity, and opportunity—all "permissible reasons" under Rule 404(b). *See* Fed. R. Evid. 404(b)(2). It is true that the government primarily argues that the prior convictions are relevant to knowledge and intent, *see generally* Government Brief at 5-9, while

8

Defendant's defense is based on identity. However, the use of an identity defense does not obviate the need for the government to prove Defendant's intent and knowledge at trial. *See* Eighth Circuit Manual of Model Criminal Jury Instructions § 6.21.841B (requiring the government to prove "the defendant intentionally transferred" cocaine and "knew that it was" cocaine); *see also United States v. Hill*, 249 F.3d 707, 712 (8th Cir. 2001) (holding that a defendant's "attempt to remove intent as an issue in the case did not lift the [g]overnment's burden of proving [the defendant's] intent"). Because knowledge and intent are valid purposes for admitting prior convictions under Rule 404(b), the fact that Defendant does not dispute those issues does "not preclude the government from offering otherwise admissible evidence as to" those elements. *United States v. Walker*, 428 F.3d 1165, 1170 (8th Cir. 2005).

Further, the court finds that the government has done more than "simply assert[]" that the convictions are relevant. *Turner*, 781 F.3d at 790. The government cites to analogous cases wherein similar prior drug convictions were admissible as relevant against defendants facing similar drug distribution charges as Defendant faces here. *See* Government Brief at 6-7; *see also Robinson*, 639 F.3d at 494 (finding prior possession of crack cocaine relevant to later charges for distribution of crack cocaine); *United States v. Anthony*, 537 F.3d 863, 866 (8th Cir. 2008) (finding prior convictions "for drug-related offenses" relevant to a defendant's later charges for distribution of cocaine base). Additionally, the government specifically points out that surmounting Defendant's identity defense will require the government to prove that Defendant had "intent or knowledge with respect to [certain] transactions" with the C.I., which provides specificity beyond a mere assertion that the convictions are relevant in the abstract. Government Brief at 8.

Therefore, the court finds Defendant's prior drug convictions relevant to the material issues of knowledge and intent.

9

### 2. *Similarity of prior convictions to the offenses charged*

Defendant does not argue that the prior convictions are dissimilar or overly remote in time. The court finds that the prior convictions—for conspiracy to deliver cocaine and for possession of cocaine—are sufficiently similar to the present charges of distribution of cocaine base. *United States v. Ironi*, 525 F.3d 683, 687 (8th Cir. 2008) (stating that prior convictions "need not be duplicates, but must be sufficiently similar to support an inference of criminal intent" (quoting *United States v. Edelmann*, 458 F.3d 791, 809 (8th Cir. 2006))). Likewise, the seven years between the 2008 convictions and the prosecution in this case do not amount to being overly remote. *See, e.g.*, *United States v. Foster*, 344 F.3d 799, 802 (8th Cir. 2003) (finding a nine-year old conviction for possession of cocaine not impermissibly remote in time for use in a later prosecution for possession of cocaine with intent to distribute).

### 3. *Sufficient evidence*

Defendant does not argue that the prior convictions are unsupported by sufficient evidence. The government has provided certified judgments as to both of the convictions for which it seeks admission under Rule 404(b). Government Exhibits 5, 6 (docket nos. 42-4, 42-5). The court finds such evidence sufficient to show that the convictions did, in fact, occur.

### 4. *Probative value versus potential prejudice*

Defendant argues that, even if the prior drug convictions are relevant, the court should find evidence of the convictions inadmissible because "[a]ny minimal relevance of the evidence is substantially outweighed by its unfair prejudicial effect." Defense Motion at 3. To counter Defendant's characterization, the government emphasizes the probative value of the prior convictions, *see* Government Brief at 8-9, and argues that any prejudice posed by evidence of the convictions "can be assuaged by a thorough instruction to the jury on the limited purpose of the testimony." *Id.* at 7 (citing *Robinson*, 639 F.3d at 494).

"Though all Rule 404(b) evidence is inherently prejudicial, the test under Rule 403 is whether its probative value is *substantially* outweighed by the danger of *unfair* prejudice." *United States v. Williams*, 796 F.3d 951, 960 (8th Cir. 2015) (quoting *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006)). Acknowledging that evidence of prior convictions is "inherently prejudicial," there is nothing about the mere existence of Defendant's prior convictions to convince the court that their probative value is substantially outweighed by unfair prejudice. To the extent that the prior convictions have the potential for unfair prejudice, the court finds that such potential can be sufficiently mitigated by providing the jury with a limiting instruction. *See Williams*, 796 F.3d at 960 (finding an appropriate limiting instruction to be capable of mitigating the danger of unfair prejudice). As such, the court finds that Defendant's prior convictions are not substantially more prejudicial than probative.

Defendant argues that, in the event the court permits evidence of his prior convictions, the underlying facts and background of those convictions must nevertheless be excluded. *See* Defense Motion at 4. The government anticipates that it "may offer testimony regarding the facts giving rise to those convictions," Government Brief at 5, but does not provide further information about what such testimony will show. *Cf.* Government Exhibits 5, 6 (reflecting only the judgments of Defendant's convictions, without factual background). "[T]he government's intended method of proof [may] be more prejudicial than merely offering a certified copy of a conviction." *Cook*, 454 F.3d at 942. Because the court has no insight into the facts underlying Defendant's prior convictions, it is unable to find that such facts are not substantially more prejudicial than probative. Therefore, the court rules that the facts underlying Defendant's prior convictions are not admissible.

Accordingly, the court grants the Government Motion with respect to evidence of Defendant's 2008 convictions for conspiracy to deliver cocaine and possession of cocaine.

The court denies the Defense Motion to the extent it seeks to exclude such evidence. The court denies the Government Motion with respect to evidence of the facts underlying Defendant's prior convictions. The government may not introduce the evidence underlying the prior convictions.

## H. Telephone Calls from Jail

The government seeks to introduce recordings of multiple phone calls between Defendant and his wife and between Defendant and L.A. made by Defendant while he was in state custody for an unrelated charge. Government Brief at 1. Defendant argues that the calls between Defendant and his wife are inadmissible because they are protected by the marital communications privilege. Defense Motion at 4-6. Defendant does not challenge the admissibility of the calls between Defendant and L.A. Accordingly, the court grants the Government Motion with respect to evidence of telephone calls between Defendant and L.A.

"[F]ederal courts follow the federal common law regarding privileges in federal criminal proceedings." *United States v. Espino*, 317 F.3d 788, 795 (8th Cir. 2003); *see also* Fed. R. Evid. 501 ("The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege [except under certain exceptions]."). "Federal courts recognize two distinct marital privileges: the marital confidential communications privilege and the adverse spousal testimony privilege." *Espino*, 317 F.3d at 795. The adverse spousal testimony privilege permits one spouse to refuse to testify against the other spouse during the existence of their marriage, regardless of the nature of the witness-spouse's testimony. *See Trammel v. United States*, 445 U.S. 40, 51 (1980) (describing how the privilege "exclude[s] evidence of criminal acts and of communications made in the presence of third persons," in addition to excluding "private marital communications"). The adverse spousal testimony may only be invoked by the witness-spouse. *United States v. Bad Wound*, 203 F.3d 1072, 1075 (8th Cir. 2000). The

marital communications privilege, on the other hand, can be invoked by the defendant-spouse but is limited to certain testimony. *United States v. Evans*, 966 F.2d 398, 401 (8th Cir. 1992). The marital communications privilege only applies to confidential communications between spouses during their marriage. *See id.* Communication between spouses is not confidential if it is "made in the presence of a third party" or the communicating spouse "intend[s] for it to be passed on to others." *Id.* (citing *United States v. McConnell*, 903 F.2d 566, 572 (8th Cir. 1990)).

The parties do not dispute that the telephone calls between Defendant and his wife were communications made during marriage, but dispute solely whether they were confidential. *See* Government Brief at 2-3 (discussing only whether the calls were confidential); Defense Motion at 5 (stating without elaboration that the calls were communications made during marriage). Defendant contends that the telephone calls were "intended to be confidential" and should be treated as such for application of the privilege. *Id.* The government argues that "Defendant was on notice that all calls he placed from the jail would be recorded and monitored," and that such monitoring voids confidentiality. Government Brief at 2-3.

In the context of the attorney-client privilege, the Eighth Circuit has held that where persons are "aware that their conversations [are] being recorded, they [can]not reasonably expect that their conversations [will] remain private. The presence of [a] recording device [is] the functional equivalent of the presence of a third party." *United States v. Hatcher*, 323 F.3d 666, 674 (8th Cir. 2003). The court finds no basis for applying a different standard to the marital communications privilege. The telephone from which Defendant called his wife bore a sign stating that "[c]alls may be monitored & recorded." Government Exhibit 4 (docket no. 42-3). Additionally, before Defendant's calls were connected, an automated message informed him that his "call will be recorded and subject to monitoring at any time." Government Exhibit 1. Regardless of whether Defendant

intended for his conversations to remain confidential, he had ample notice that his phone calls were made in the "functional equivalent of the presence of a third party." *Hatcher*, 323 F.3d at 674. As such, the telephone calls were not confidential and the marital communications privilege does not apply. Further, Defendant's statements during the telephone conversations are admissible by the government as non-hearsay opposing party's statements. Fed. R. Evid. 801(d)(2)(A).

Accordingly, the court grants the Government Motion with respect to evidence of telephone calls made while Defendant was in jail.[2] The court denies the Defense Motion to the extent that it seeks to exclude such evidence. Defendant's phone conversations with his wife and L.A. will be admitted upon proper foundation.

## *IV. CONCLUSION*

In light of the foregoing, it is hereby **ORDERED**:

(1) The Defense Motion (docket no. 40) is **GRANTED IN PART** and **DENIED IN PART**.

(2) The Government Motion (docket no. 42) is **GRANTED IN PART** and **DENIED IN PART**.

Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant or that the necessary predicates for admission have been established, the party may request an opportunity to argue for admissibility of the evidence outside the presence of the jury. Each ruling in this order is binding on both parties.

---

[2] The fact of Defendant's confinement in state custody is also admissible for the purpose of foundation. Such evidence is admissible only to the extent necessary to provide context for Defendant's phone calls being initiated from jail.

**DATED** this 11th day of November, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA