# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 15-CR-1017-LRR |
| vs. | **ORDER** |
| DEON ANTHONY ROMELL BAILEY, | |
| Defendant. | |

## I. INTRODUCTION

The matters before the court are Defendant Deon Anthony Romell Bailey's pro se "Motion to Withdraw Plea and Present Attorney" and "Motion for Discovery also Withdraw Guilty Plea and Present Attorney" (collectively, "Motions") (docket no. 80), filed on March 12, 2016.[1] On April 4, 2016, Defendant filed supplements to the Motions ("Supplements") (docket nos. 86-87). On April 15, 2016, the government filed a Resistance (docket no. 90). On April 19, 2016, the court held a hearing on the Motions ("motion hearing"). *See* April 19, 2016 Minute Entry (docket no. 92).

## II. ANALYSIS

In the Motions, Defendant argues that he did not wish to enter a guilty plea in the above-captioned case, but that he was pressured into doing so by his attorney and was erroneously advised that he would be subject to less sentencing exposure than he was in fact subject to. *See* Motions at 1, 5. Defendant further argues that his attorney failed or

---

[1] The Motions are styled to include a motion to withdraw guilty plea, a motion to "withdraw . . . present attorney" and a motion for discovery. As to the motion to "withdraw . . . present attorney" component, the contents of the Motions make clear that Defendant seeks to request new counsel. *See, e.g.*, Motions at 4 ("I also request new appointment of counsel."); *id.* at 5 ("I wish to . . . get a new lawyer."). The court will address that component of the Motions accordingly.

refused to file motions requested by Defendant. *See id.* at 2. On these grounds, Defendant seeks to withdraw his guilty plea and requests new counsel. Defendant further requests discovery from the government of recordings of telephone calls from a man named Lewis Altman, Jr. *See id.* at 4. At the motion hearing, Defendant raised additional issues to support the Motions, stating that he pleaded guilty in part because a defense witness (presumably Mr. Altman, Jr.) was unable to attend Defendant's trial on November 12, 2016 and that his mental health status undermined the validity of his guilty plea.

### A. *Request for New Counsel*

The court shall first address Defendant's request for new counsel. Defendants seeking new counsel "must show justifiable dissatisfaction with appointed counsel . . . ." *United States v. Exson*, 328 F.3d 456, 460 (8th Cir. 2003). "Justifiable dissatisfaction sufficient to warrant new counsel includes 'a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant.'" *Id.* (quoting *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992)). "The proper focus in evaluating claims of dissatisfaction with counsel is on the quality of the advocacy, for the right to counsel does not include a right to a 'meaningful relationship' with counsel." *Id.* (quoting *Swinney*, 970 F.2d at 499).

As grounds for new counsel, Defendant states that his attorney "does not help [him] file . . . important motions" and states that his attorney was "negligent" during the guilty plea process. Motions at 1. Defendant specifically states that his attorney refused to file motions that Defendant subsequently filed pro se, *see* Motions at 1-2, and further failed to file particular motions regarding Defendant's status as a Moorish American, *see* Supplements (docket no. 86) at 2 (calling his Moorish American status the "main issue" that his attorney has failed to address). The court has previously ruled on the pro se motions that Defendant filed in lieu of his attorney's assistance and has found that such motions were baseless. *See, e.g.*, August 25, 2015 Order (docket no. 20); September 3,

2

2015 Order (docket no. 28); December 10, 2015 Order (docket no. 68); December 28, 2015 Order (docket no. 70); January 5, 2016 Order (docket no. 72). The court also notes that, at Defendant's plea hearing on November 12, 2015, it addressed issues that Defendant sought to raise in his various motions and informed him that they had no legal significance to his case. Therefore, the court finds that Defendant's complaints as to the filing of motions do not amount to "justifiable dissatisfaction" warranting new counsel. *See Exson*, 328 F.3d at 460-61 (finding no error in denying a motion for new counsel based on grounds including counsel's refusal "to file motions which the court found baseless"). The court further finds no indication that Defendant's attorney performed negligently during the guilty plea process and notes that, at the plea hearing, Defendant stated that he was satisfied with his attorney's work on his case, that he and his attorney mostly got along despite occasional disputes and that his guilty plea was not the result of his dissatisfaction with his attorney's competence to represent him at trial. Accordingly, the court denies Defendant's request for new counsel.

### B. Request to Withdraw Plea and Request for Discovery

At the motion hearing, after the court stated that it would deny Defendant's request for new counsel, Defendant stated that he wished for his attorney to continue to represent him. As the court has previously informed Defendant, *see, e.g.*, August 25, 2015 Order; September 3, 2015 Order, Defendant does not have a constitutional right to hybrid representation. Defendant must either choose to proceed pro se or choose to utilize the full assistance of counsel who will present his defense. *See Swinney*, 970 F.2d at 498; *see also United States v. Lewis*, 738 F.2d 916, 924 (8th Cir. 1984) (stating "[a] defendant in a criminal case does not have a constitutional right both to represent himself and to be represented by counsel" (citing *United States v. Olson*, 576 F.2d 1267, 1270 (8th Cir. 1978))); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976) (stating "a criminal defendant has a right to represent himself or, alternatively, to be represented by counsel"

3

(citing *Faretta v. California*, 422 U.S. 806 (1975))); *cf. United States v. Blum*, 65 F.3d 1436, 1443 n.2 (8th Cir. 1995) (noting "it is Eighth Circuit policy to refuse to consider pro se filings when a party is represented by counsel" (citing *Hoggard v. Purkett*, 29 F.3d 469, 472 (8th Cir. 1994))). Because Defendant elected to proceed with the assistance of his attorney after the court denied his request for new counsel, the court need not address Defendant's pro se motion to withdraw his guilty plea and motion for discovery. If Defendant's attorney deems it appropriate to raise the issues urged by Defendant, his attorney shall file a motion to that effect.

Notwithstanding the fact that Defendant is not entitled to hybrid counsel, the court has reviewed the motions as articulated by Defendant and finds them to be meritless. "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The 'fair and just' standard is a liberal one, but it does not create an automatic right to withdraw a plea." *United States v. Smith*, 422 F.3d 715, 723 (8th Cir. 2005) (quoting *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996)).

> Even if such a fair and just reason exists, before granting the motion [to withdraw a guilty plea] a court must consider "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion."

*United States v. Heid*, 651 F.3d 850, 853-54 (8th Cir. 2011) (quoting *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006)). Defendant bears the burden of proving that "the recognized justifications should permit a withdrawal" of his guilty plea. *Smith*, 422 F.3d at 723.

In the Motions, Defendant states that he wished to proceed to trial, but pleaded guilty at his attorney's urging and based on a lesser sentencing exposure than ultimately
4

applied.  *See* Motions at 1.  At the motion hearing, Defendant further insinuated that his guilty plea was motivated by his mental health issues and the unavailability of a witness for his defense.  However, at the plea hearing, Defendant admitted to each element of the offense conduct.  Defendant's position now is inconsistent with his admissions at the plea hearing.  Further, at the plea hearing, the court engaged in over two hours of colloquy with Defendant, covering in significant depth such matters as Defendant's voluntary entry of his guilty plea and the waiver of all rights associated with a jury trial, the maximum possible sentence he could receive, Defendant's mental capacity to enter the plea and, in regard to the defense witness, the fact that a witness can be compelled to appear in court even if they claim they cannot make it to court for one stated reason or another.  In short, the court addressed each of Defendant's concerns in great detail, ensured that he understood the proceedings, encouraged him to ask questions if anything was unclear and reminded him that he could choose at any time to proceed to trial.  In light of this context, the court finds that Defendant has provided no "fair and just reason" for withdrawing his guilty plea and, accordingly, the court denies Defendant's request to withdraw his guilty plea.

Defendant's request for discovery seeks recordings of telephone calls made by Mr. Altman, Jr. to the government, Defendant's attorney and the court.  Motions at 4.  The court spoke with Defendant about these telephone calls at the plea hearing and again at the motion hearing.  Defendant claims that "these recordings prove that [he] didn't commit this crime."  *Id.*  However, as the court informed Defendant, Mr. Altman, Jr.'s telephone call to the court had little bearing on Defendant's case.  Instead, Mr. Altman, Jr. simply sought to ask questions about Defendant's case.  Defendant has given no indication that Mr. Altman, Jr.'s telephone calls to the government or Defendant's attorney were any different in content.  Accordingly, the court denies Defendant's request for discovery as to these telephone calls.

### *III.  CONCLUSION*

For the foregoing reasons, and for the reasons stated at the motion hearing, the Motions (docket no. 80) are **DENIED**.

**IT IS ORDERED.**

**DATED** this 20th day of April, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA